UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

JUDY A. MORVANT                                                CIVIL ACTION

Versus                                                         NO. 04-2393

PETROLEUM HELICOPTERS, INC.                                    SECTION "C"

## ORDER AND REASONS[1]

Before this Court is Petroleum Helicopter's, Inc. ("PHI") Motion for Summary Judgment. This motion is heard on the briefs, without oral argument. After having reviewed the record, the memoranda, and the applicable law, the Court PARTIALLY GRANTS and PARTIALLY DENIES the Defendant's Motion for Summary Judgment for the following reasons.

**I.    Background**

Plaintiff, Judy A. Morvant, was hired January 14, 2002 by Defendant, PHI. (Rec. Doc. 1 at 2.) PHI is one of the world's leading helicopter services companies offering services to the offshore oil and gas, international, air medical, and technical service industries. (Rec. Doc. 18 at

---

[1] Jennifer Griep, a third-year law student at Tulane Law School, assisted with the research and preparation of this decision.

1

3.)  The services include the actual piloting of helicopters as well as providing personnel who perform flight control duties.  (Rec. Doc. 18 at 3.)

For the first fifteen months of her employment with PHI, Ms. Morvant was employed as a Communications Specialist in Lafayette, Louisiana.  (Rec. Doc. 1 at 2.)  Her job duties as Communications Specialist required her, through the use of pilot communication and computers, to keep track of helicopter locations in order to avoid safety problems and to ensure that any necessary emergency procedures were enacted if the need arose.  (Rec. Doc. 18 at 3.)

In April 2003, Ms. Morvant's roommate and fiancé, Robert Robicheaux, was promoted to Lead Communications Specialist in Ms. Morvant's unit.  (Rec. Doc. 1 at 2.)  Under PHI's Employment of Relatives policy, while Ms. Morvant and Mr. Robicheaux's relationship was not initially a problem, once Mr. Robicheaux was promoted to a supervisory role over Ms. Morvant, there existed an impermissible subordinate/supervisory relationship.  (Rec. Doc. 23, Ex. 6.)  Ms. Morvant was instructed that she must either apply for a shift change or job transfer or that Mr. Robicheaux could not accept the promotion.  (Rec. Doc. 18, Ex. 3 at 55.)  As a result, Ms. Morvant accepted a transfer to a Ground Observer position in Boothville, Louisiana.  (Rec. Doc. 23, Ex. D at 82-83.)

After several months, Mr. Robicheaux was transferred to another position in Galveston, Texas, and Ms. Morvant subsequently applied for a transfer back to her original position as Communications Specialist in Lafayette on or about October 21, 2003.  (Rec. Doc. 23 at 7.)  For reasons disputed by each side, these requests for transfer were denied.  (Rec. Doc. 1 at 3; Rec. Doc. 18 at 5-6.)  Garrett Zerangue, Ms. Morvant's former supervisor in Lafayette, stated he denied her requests for transfer not because of her age, but because "he felt that Ms. Morvant could not handle the technology upgrades" that occurred after she left the position.  (Rec. Doc.

18, Ex. 3 at 95.)  Ms. Morvant disputes the statement by Mr. Zerangue she would have had problems with the computer technology, and claims that these reasons were provided by PHI as a pretext for age discrimination.  (Rec. Doc. 1 at 3-4.)

On April 12, 2004 Ms. Morvant filed an age discrimination charge against PHI with the Equal Employment Opportunity Commission ("EEOC").  (Rec. Doc. 23 at 8.)  On May 24, 2004 the EEOC issued a right to sue letter to Ms. Morvant and on August 20, 2004 she filed her complaint with this Court.  (Rec. Doc. 23 at 8.)

In her complaint, Ms. Morvant alleges that when she agreed to the transfer to Ground Observer in Boothville, she was promised (1) a raise upon becoming weather certified and (2) the option to transfer back to Lafayette should a position open.  (Rec. Doc. 1 at 3.) Ms. Morvant claims that after becoming weather certified her request for a raise in pay was improperly denied. (Rec. Doc. 1 at 3.)  Ms. Morvant also claims that her requests to transfer to open positions in Lafayette were denied in favor of younger, less qualified individuals.  (Rec. Doc. 1 at 3.)  As a result, Ms. Morvant claims that PHI has unlawfully discriminated against her based on her age, in violation of the Age Discrimination in Employment Act ("ADEA") and Louisiana Employment Discrimination Law, La. R.S. 23:301.  (Rec. Doc. 1 at 3-4.)

On May 3, 2006, the Defendant filed the instant Motion for Summary Judgment arguing (1) any claim by Plaintiff based on the initial transfer to Boothville will fail because: it is time-barred and Plaintiff fails to establish a cause of action for discrimination, (2) there is no plausible claim Plaintiff can make regarding the pay raise denial, and (3) there is no colorable claim Plaintiff can raise based on the denial of her requests to transfer back to Lafayette.  (Rec. Doc. 18.)

**II.     Law and Analysis**

3

**A.     Time Bar**

In its Motion for Summary Judgment, the Defendant argues that Ms. Morvant's claim with respect to the transfer to Boothville is time-barred under the ADEA. (Rec. Doc. 18 at 8.) Under 29 U.S.C. § 626(d)(2), any employee that wishes to bring a claim under the ADEA must file a charge with the EEOC within 300 days of the alleged unlawful practice. Specifically, the Defendant argues that since Ms. Morvant did not file her EEOC charge until April 12, 2004 and her initial transfer to Boothville occurred on April 17, 2003, more than 300 days passed. (Rec. Doc. 18 at 8.) The Defendant also argues that any state law claim Ms. Morvant may have is also time-barred. (Rec. Doc. 18 at 8.) Under Louisiana law, age discrimination claims are subject to the one-year time limit that applies to torts. *Jay v. International Salt Co.,* 868 F.2d 179, 180 (5th Cir. 1989). The Defendant argues that because Ms. Morvant did not file her complaint with this Court until August 20, 2004, more than one year after her transfer to Boothville, the statute of limitations on her state law claims lapsed. (Rec. Doc. 18 at 9.)

Ms. Morvant claims the transfer to Boothville is not time barred because Mr. Zerangue misrepresented to her that she receive a pay raise and that she would be able to transfer back to Lafayette. (Rec. Doc. 23, pg. 23-24.) She claims that she is entitled to equitable tolling as long as Mr. Zerangue was making false promises. Regardless of whether Ms. Morvant would be entitled to equitable tolling for a period of time, she did know by the time that she filed her charged with the EEOC that the promises were unfulfilled. Ms. Morvant then filed her charge with the EEOC on April 12, 2004, 174 days after the denial of her transfer back to Lafayette. Her only complaint was that she was denied the transfer to Lafayette. The complaint does not complain of the transfer to Boothville. So any claim with regard to that is time barred.

**B.     Age Discrimination Claim Based on the Denial of Pay Raise.**

In her complaint, Ms. Morvant states PHI discriminated against her by denying her a

4

raise in pay after she became weather certified. (Rec. Doc. 1 at 3.)  However, in her charge filed with the EEOC, Ms. Morvant does not raise the denial of pay raise as a discriminatory act committed against her by PHI. (Rec. Doc. 18, Ex. 5.)  "The scope of the ADEA complaint filed with the court is limited by the allegations of the EEOC complaint and those charges reasonably expected to grow out of the EEOC investigation." *Jupiter v. BellSouth Telecomms., Inc.,* 1999 U.S. Dist. LEXIS 17431, *11 (E.D. La. 1999).  The Court finds that because Ms. Morvant did not raise the denial of pay raise in her EEOC complaint, she cannot allege it here.[2]

C.     **Age Discrimination Claim Based on the Denial of the Requests to Transfer to Lafayette.[3]**

Both parties agree that the *McDonnell Douglas* burden-shifting approach applies in this case. (Rec. Doc. 18, pg. 10; Rec. Doc. 23-1, pg. 14.)  Under the *McDonnell Douglas* approach:

> "the plaintiff must still demonstrate a prima facie case of discrimination; the defendant must then articulate a legitimate, non-discriminatory reason for its decision to terminate plaintiff; and, if the defendant meets its burden of production, the plaintiff must then offer sufficient evidence to create a genuine issue of material fact either (1) that the defendant's reason is not true, but is instead a pretext for discrimination…; or (2) that the defendant's reason, while true, is only one of the reasons for its conduct, and another motivating factor is the plaintiff's protected characteristic…"

*Rachid v. Jack in the Box, Inc.,* 376 F.3d 305, 312 (5th Cir. 2004).

A genuine issue of fact exists only if the evidence is such that a reasonable jury could return a verdict for the non-moving party. *Anderson v. Liberty Lobby, Inc.* 477 U.S. 242, 247-48 (1986); *see also Taita Chem. Co. v. Westlake Styrene Corp.,* 246 F.3d 377, 385 (5th Cir. 2001).

---

[2] The Court notes that the Plaintiff has not presented any reasons why the claim could grow out of the EEOC investigation. However, even if the Plaintiff could successfully argue that the denial of pay raise claim could "reasonably be expected to grow out of the EEOC investigation," the claim would be time barred, as Ms. Morvant's request for the pay raise was denied on May 30, 2003 and the EEOC charge was not filed until April 12, 2004, eighteen days past the statute of limitations prescribed under 29 U.S.C. § 626(d)(2).

[3] The parties submitted supplemental briefs regarding the recent Supreme Court decision, *Burlington Northern and Sante Fe Railway Company v. White,* which addressed the anti-retaliation provision of Title VII.  However, as the Court finds there are other grounds on which to deny summary judgment, the Court does not reach the issues raised in the briefs.

When considering a motion for summary judgment, this Court "will review the facts drawing all inferences most favorable to the party opposing the motion." *Reid v. State Farm Mut. Auto. Ins. Co.,* 748 F.2d 577, 578 (5th Cir. 1986).

"A *prima facie* case of employment discrimination based on age requires showing: (1) that the plaintiff is between forty and seventy years of age; (2) that [she] was qualified for the job at issue; and (3) that an employee outside of the protected class was treated more favorably." *Deloach v. Delchamps, Inc.*, 897 F.2d 815, 818 (5th Cir. 1990).

Ms. Morvant has met her burden to establish a *prima facie* case of age discrimination: (1) Ms. Morvant was born January 27, 1936, which makes her seventy years old as of the date of this opinion, and sixty-eight years old when she filed the current complaint; (2) she was qualified for the position at issue based on the fact that she had computer and data entry experience (Rec. Doc. 23, Ex. D, pg. 30-31) and had previously held the position for fifteen months (Rec. Doc. 23, Ex. A, pg. 5); and (3) individuals outside of the protected class (younger employees) were hired for the positions that Ms. Morvant applied for. (Rec. Doc. 23, Ex. A at 5.)

Under the *McDonnell Douglas* approach, PHI must "articulate a legitimate, non-discriminatory reason for its decision" to meet its burden of production. 376 F.3d at 312. PHI has met this burden. PHI argues that it has a non-discriminatory reason for denying Ms. Morvant's transfer back to Lafayette. Specifically, it claims that she lacked the necessary qualifications that were essential to the Communications Specialist position. (Rec. Doc. 18, Ex. 3 at 95.) Mr. Zerangue testified in his deposition that while Ms. Morvant was in Lafayette there were deficiencies in her performance. (Rec. Doc. 18, Ex. 3 at 104.) Mr. Zerangue stated that the computer systems had been upgraded after Ms. Morvant's transfer to Boothville and that he felt she could not handle the technology upgrades. (Rec. Doc. 18, Ex. 3 at 95.) As a result, he

6

declined her requests for transfer back to Lafayette.  (Rec. Doc. 18, Ex. 3 at 95.)  Because PHI has met its burden by asserting a legitimate, non-discriminatory reason for its actions, the Court must evaluate whether Ms. Morvant has offered sufficient evidence, in response to PHI's claim, to create a genuine issue of material fact.  *McDonnell Douglas*, 376 F.3d at 312.

 Ms. Morvant argues that PHI's claim that she was not qualified is merely a pretext for discrimination, because she was qualified to hold the position.  Ms. Morvant stated in her Declaration that she had no problems with the computer systems while working as a Communications Specialist in Lafayette.  (Rec. Doc. 23, Ex. A at 3.)  In addition, she presents deposition testimony of two other employees who support her claim that the new computer system was not sufficiently different from the old system to justify Mr. Zerangue's claim that Ms. Morvant could not handle the technology upgrades.  (Rec. Doc. 23, Ex. H at 19-21; Rec. Doc. Ex. J at 30.)  Lorenzo Malachino, a former Communications Specialist for PHI in Lafayette, testified that the new system was not significantly different from the old system.  (Rec. Doc. 23, Ex. H at 19-21.)  He stated that because he was familiar with the old system, he had no difficulty learning the new system.  (Rec. Doc. 23, Ex. H at 21.)  Similarly, Lynn Barbosa, a former Communications Specialist for PHI in Morgan City and Lafayette, testified that the new computer system was not significantly different from the previous system.  (Rec. Doc. 23, Ex. J at 30.)  She stated that "they were simple changes" and anyone familiar with the old system would have no problems adapting to the new system.  (Rec. Doc. 23, Ex. J at 30.)

 The Court finds the instant case to be similar to *Bienkowski v. American Airlines, Inc.,* in which an age discrimination claim under the ADEA was presented to the United States Court of Appeals for the Fifth Circuit.  851 F.2d 1503, 1508-09 (5th Cir. 1988).  The claim was brought by Bienkowski, a security guard, against his employer.  *Id.* at 1504.  Bienkowski's employer

stated that Bienkowski's performance had deteriorated over time, his supervisors had become dissatisfied with his work, and that he was ultimately terminated because he was not qualified. *Id.* at 1505. Bienkowski disagreed, claiming he was qualified for the position, citing to satisfactory job performance evaluations and extensive experience in law enforcement. *Id. at 1504.* Bienkowski claimed his employer's justification was simply a pretext for the discrimination committed against him. *Id.* at 1507. The Fifth Circuit applied the *McDonnell Douglas* approach and concluded that there were "sharp disagreements" over Bienkowski's qualifications and determined that the district court's grant of summary judgment was improper. *Id.*

As in *Bienkowski,* the Court finds that this case presents "sharp disagreements" over Ms. Morvant's qualifications and as a result raises a genuine issue of material fact.

**III.   Conclusion**

For these reasons, IT IS ORDERED that Petroleum Helicopter, Inc.'s Motion for Summary Judgment is PARTIALLY GRANTED and PARTIALLY DENIED.

IT IS FURTHER ORDERED that Plaintiff's claim with regard to the transfer to Boothville and for denial of pay raise is hereby DISMISSED.

IT IS FURTHER ORDERED that Plaintiff's claim based on the denial of transfer back to Lafayette remains.

New Orleans, Louisiana, this 27th day of July, 2006.

_____
Judge Helen G. Berrigan
United States District Judge

8