UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JUDY A. MORVANT | CIVIL ACTION |
| versus | NO. 04-2393 |
| PETROLEUM HELICOPTERS, INC. | SECTION C |

### ORDER

Before the Court are Defendant Petroleum Helicopters, Inc.'s ("PHI") Motions in Limine to Exclude Evidence of: 1) Plaintiff's transfer from Lafayette to Boothville; 2) Plaintiff's 2001 charge of discrimination against PHI; and 3) the alleged remarks from Garrett Zerangue ("Zerangue").  ( Rec.Doc. 43 ).  Plaintiff Judy Morvant ("Morvant") opposes these motions. PHI's motions are **PARTIALLY GRANTED** and **PARTIALLY DENIED** as follows:

I.  Background

In the case at bar, Morvant alleges federal and state law clams of discrimination against her former employer, PHI.  PHI hired Morvant in January 2002 as a Communications Specialist in PHI's Lafayette, Louisiana location.  In April 2003 Morvant's fiancé, Robert Robicheaux ("Robicheaux"), received a promotion, which made him Morvant's direct supervisor.  Thus, pursuant to PHI's Employment of Relatives policy, which bars relationships between supervisors and subordinates, Morvant accepted a transfer to a Ground Observer position in Boothville, Louisiana.  Several months later, Robicheaux was transferred to PHI's Galveston, Texas

1

location.  Morvant then applied for a transfer back to her original position in Lafayette.  For reasons disputed, this transfer request was denied.   As a result, Morvant filed an age discrimination claim against PHI with the Equal Employment Opportunity Commission ("EEOC") and received a right to sue letter.  Morvant filed this suit against PHI on August 20, 2004.

On May 3, 2006 PHI filed a Motion for Summary Judgment arguing that Morvant's claims for discrimination and denial of pay raise surrounding her initial transfer from Lafayette to Boothville were time barred.  In that motion, PHI also argued that Morvant did not have a discrimination claim based on the denial of transfer back to Lafayette.  This Court, on July 27, 2006, partially granted and partially denied PHI's motion, dismissing Morvant's claims regarding her transfer to Boothville and denial of pay raise, but leaving her claim based on denial of transfer back to Lafayette.  Thus, the sole issue remaining in this case is Morvant's claim of age discrimination surrounding the denial of her request to be transferred back to her Communications Specialist position in Lafayette in late October 2003.

Although Morvant's claims regarding her Boothville transfer and denial of pay raise were excluded, she seeks to introduce certain evidence pertaining to these claims.  Specifically, she believes this evidence to be relevant and probative support for her remaining discrimination claim. PHI filed the instant motions on September 12, 2006, seeking to exclude or limit the introduction of evidence related to 1) Morvant's transfer from Lafayette to Boothville; 2) Morvant's charge of discrimination filed in 2001; and 3) remarks made by Zerangue.

**II. Law and Analysis**

### A. Motion to Exclude Evidence Regarding Plaintiff's Transfer from Lafayette to Boothville in April 2003

PHI seeks to exclude evidence of Morvant's transfer from Lafayette to Boothville as time barred, unfairly prejudicial, and a waste of time.  Specifically, PHI requests exclusion of:

Exhibits

5. 4/7/03 Personnel Status Notification Morvant Transfer to Ground Advisory Boothville

6. Employment of Relatives Policy

7. Lorenzo Malachino personnel file excerpts

8. Douglas Pommier personnel file excerpts

33. 10/26/02 Memo from Robert Robicheaux to Rovinelli

34. 3/26/03 Personnel Requisition for Ground Advisory Personnel in Boothville

43. 2/24/05 Defendant's Supplemental Answers to Plaintiff's First Set of Interrogatories

44. 4/6/03 Memo from Robert Robicheaux to Mickey Burton

47. 5/30/03 Certificate of Authority to take Weather Observations for Robicheaux

Testimony:

- Joseph Morvant – in February 2002 allegedly heard Garrett Zerangue state that Plaintiff "should be home taking care of her grandchildren"

- Douglas Pommier – in February 2002 allegedly hear Garrett Zerangue state that Plaintiff "should be home taking care of her grandchildren"

- Lorenzo Malachino testimony:

    Q.  Did you hear him say – Mr. Zerangue say – that Mrs. Robicheaux should be home taking care of her grandchildren?

3

> A. I don't remember hearing that. I mean, I have heard, maybe, remarks, you know, "she should be enjoying her – enjoying her retirement," you know, but I have never heard him say anything derogatory, that I can remember.

PHI argues that because this Court has already ruled that Morvant's discrimination claim regarding the transfer to Boothville is time barred under the Age Discrimination in Employment Act's ("ADEA") statute of limitations, any evidence related to those claims is irrelevant on the remaining issue of whether Morvant was unfairly discriminated against when she applied for a transfer back to Lafayette in October 2003. PHI asserts that permitting Morvant to introduce evidence related to her original transfer to Boothville in April 2003 will allow her to effectively ignore this Court's previous ruling on PHI's Motion for Summary Judgment dismissing those claims, will confuse the jury as to what claim is really at issue, and will cause undue delay. In response, Morvant argues that evidence regarding her transfer from Lafayette to Boothville in April 2003 is admissible because it is appropriate background evidence and it makes it more likely that her remaining claim regarding the denial of her transfer request in October 2003 was discriminatory.

In *National Railroad Passenger Corp. v. Morgan*, 536 U.S. 101, 122 S.Ct. 2061, 153 L.Ed.2d 106 (2002), the Supreme Court stated:

> [D]iscrete discriminatory acts are not actionable if time barred, even when they are related to acts alleged in timely filed charges. … The existence of past acts and the employee's prior knowledge of their occurrence, however, does not bar employees from filing charges about related discrete acts so long as the acts are independently discriminatory and charges addressing those acts are themselves timely filed. Nor does the statute bar an employee from using the prior acts as background evidence in support of a timely claim.

*Id.* at 113.

Under *National R.R.*, parties may filed claims regarding timely acts related to time-barred acts as long as those timely acts are themselves independently discriminatory. The Supreme Court additionally held that time-barred acts can be used as background evidence in support of the timely claim. Morvant alleges her transfer from Lafayette to Boothville in April 2003 is background evidence to her present, timely claim, thus falling under the second exception.

The parties dispute the applicability of another Supreme Court decision, *United States v. Evans*, 431 U.S. 553, 97 S.Ct. 1885, 52 L.Ed.2d 571 (1977). In *Evans,* an airline employee brought suit alleging she was discriminated against when the airline's seniority system did not give her credit for previous employment that was terminated pursuant to a later invalidated policy. The employee had not filed any discrimination charges regarding the earlier termination, and at the time she brought suit, that charge was time-barred. The Supreme Court held that because the airline's current seniority system was neutral in its operation, the previous, time-barred discrimination could not be used to support her present claim. The Court stated that such past acts "may constitute relevant background evidence in a proceeding in which the status of a current practice is at issue, but separately considered, it is merely an unfortunate event in history which has no present legal consequences." *Id.* at 558.

As the Second Circuit has pointed out, *Evans* states that earlier discriminatory acts may constitute relevant background evidence, but the trial court is afforded discretion to determine whether such evidence is admissible under the probative versus prejudice standard outlined in Federal Rule of Evidence 403. *Malarkey v. Texaco, Inc.*, 983 F.2d 1204, 1211 (2nd Cir. 1993). Morvant argues that evidence surrounding her April 2003 transfer to Boothville is probative because the jury will need to know how Morvant came to work in Boothville to understand why

she requested the transfer back to Lafayette.[1]

In response, PHI argues that prior to Morvant's Opposition Memorandum to PHI's Motion in Limine to exclude evidence of the April 2003 transfer, she had never made any allegations of discrimination surrounding that transfer. PHI points to Morvant's deposition and her proposed inserts to her Pretrial Order where she discussed her transfer to Boothville, but never made any allegations of being discriminated against or forced to accept the transfer, as proof that Morvant is now changing her story in order to make evidence of the transfer probative background evidence.

In order for the jury to have a complete picture and understanding of Morvant's employment history with PHI, it is necessary to explain her transfer from Lafayette to Boothville in April 2003. However, until Morvant's Opposition Memorandum to these Motions, there had been no allegations of discrimination surrounding that transfer, and the Court will not entertain those allegations now. If Morvant believes she was discriminated against when she transferred to Boothville, she should have made those allegations in her original complaint. To bring those charges up now would be unfairly prejudicial and cause an undue delay. However, because a certain amount of background information on Morvant's employment history with PHI is necessary to provide a context for the present action, the Court will permit Morvant to submit a strictly factual recitation of her employment history with PHI, including when she was hired,

---

[1] Morvant also alleges that evidence surrounding her April 2003 transfer is relevant and probative because a major component of her damage claim is for the emotional distress she suffered by being forced to commute to her job four hours away in Boothville. However, damages for pain and suffering, such as emotional distress, are not recoverable under the ADEA. *Guthrie v. J.C.Penny Co., Inc.*, 803 F.2d 202, 208 (5th Cir.1986).

what positions she has held, for how long, and in what locations, but no argument about the context of that employment will be allowed.  Thus PHI's Motion in Limine to Exclude Evidence Regarding Untimely Transfer Claims is **GRANTED** with respect to Plaintiff's Exhibits 5, 6, 7, 8, 33, 34, 43, 44 and 47.  The Court reserves its ruling on the admissibility of the testimony for Part C of this opinion.

### B.  Motion to Exclude Evidence of Plaintiff's 2001 Discrimination Charge

PHI seeks to exclude evidence of Morvant's prior charge of discrimination against PHI, filed with the EEOC on November 8, 2001.  Specifically, PHI requests exclusion of:

Exhibits:

26.  11/8/01 EEOC Charge

27.  11/14/01 Letter from EEOC to Rovinelli

28.  11/28/01 Letter from Morgan to EEOC

29.  12/4/01 Personnel Requisition for 2 Comm Spec Counters

30.  12/16/01 The Adviser Classified Advertisement

31.  12/18/01 Letter from Robicheaux to PHI

32.  1/16/02 Letter from EEOC to Rovinelli

At that time, Morvant alleged she was not hired by PHI because of her age.  Morvant dropped her complaint and the EEOC never completed their investigation after PHI hired Morvant in January 2002.  PHI argues evidence surrounding this discrimination charge is untimely and prejudicial.  Morvant counters that PHI opened the door to this evidence themselves by arguing that PHI hired Morvant at age 66.  PHI stated once in its Background Memorandum to the present Motions in Limine and once in its Summary of Facts in a Pretrial

7

Order that Morvant was hired at age 66.

While the Court does not feel that PHI has openly argued anything regarding Morvant's age at the time she was hired, that fact alone suggests that PHI does not discriminate. PHI would not have to "argue" anything - making the statement that Morvant was hired when she was 66 years of age begs the presumption that PHI is age-blind. Morvant deserves the right to rebut that presumption with whatever explanation she has for why PHI hired her at that age. Furthermore, the evidence on this issue is finite and uncomplicated, thus it will not cause undue delay or confusion. Under Federal Rule of Evidence 403, any evidence surrounding PHI's initial hiring of Morvant will be more probative than prejudicial. The Court holds that PHI's Motion in Limine to Exclude Evidence Regarding Previous Charge of Discrimination is **DENIED** and Plaintiff's exhibits 26 through 32 are admissible.

### C. Motion to Exclude Evidence of Alleged Remarks by Garrett Zerangue

PHI seeks to exclude evidence of alleged remarks made by Garrett Zerangue, one of PHI's employees in Lafayette, in February 2002. Specifically, PHI seeks to prevent admission of the following testimony:

1) Declaration of Joseph Morvant: "Then Garrett Zerangue stated, 'She should be home taking care of her grandchildren.' (referring to Judy Morvant)"

2) Deposition of Loren Malachino:

> Q. Did you hear him say – Mr. Zerangue say – that Mrs. Robicheaux should be home taking care of her grandchildren?
>
> A. I don't remember hearing that. I mean, I have heard, maybe, remarks, you know, "She's should be enjoying her – enjoying her retirement," you know, but I have never heard him say anything derogatory, that I can remember.

PHI argues that these remarks are prejudicial and irrelevant because they do not reflect

age animus, are not related to Morvant's protected class, are not proximate in time to the denial of Morvant's transfer, and were not directed at Morvant's requested transfer or any other employment decision. Morvant submits that the alleged comments are relevant and probative of discriminatory intent and pretext.

The Fifth Circuit has held that age-related remarks are appropriately taken into account even where the comments are not made in the direct context of the termination and even if they are uttered by someone other than the formal decision maker, provided the speaker is in a position to influence the decision. *Palasota v. Haggar Clothing Co.*, 342 F.3d 569, 578 (5th Cir. 2003) (citing *Russell v. McKinney Hosp. Venture*, 235 F.3d 219, 229 (5th Cir. 2000)). The Fifth Circuit has quoted Judge Poser as explaining:

> All that these ["stray remarks"] cases hold … is that the fact that someone who is not involved in the employment *decision* of which the plaintiff complains expressed discriminatory feelings is not evidence that the decision had a discriminatory motivation…. It is different when … it may be possible to infer that the decision makers were influenced by [the discriminatory] feelings in making their decision … Emanating from a source that influenced the personnel action (or nonaction) of which these plaintiffs complain, the derogatory comments became evidence of discrimination.

*Russell v. McKinney Hosp. Venture*, 235 F.3d 219, 229 (5th Cir. 2000) (quoting *Hunt v. City of Markham, Ill.*, 219 F.3d 649, 652-53 (7th Cir. 2000)).

In the present case, Zerangue made the comments at issue in February 2002 when he was PHI's lead communications specialist in Lafayette and, according to Morvant, her immediate supervisor. Morvant also alleges that Zerangue was the decision maker who denied her transfer back to Lafayette, the action that led to the present charge of discrimination. PHI disputes Zerangue's position and decision-making status. The Court finds the question of whether Zerangue was in a position to influence the decision to deny Morvant's transfer back to Lafayette to be a factual determination reserved for the trier of fact.

PHI further argues that "comments that are 'vague and remote in time' are insufficient to establish discrimination." *Brown v. CSC Logic, Inc.,* 82 F.2d 651, 655 (5th Cir. 1996). However, this does not mean they are inadmissible from an evidentiary standpoint; it merely means that, taken alone, such vague and remote statements will not support a finding of discrimination. It is unnecessary at this point to delve into the four-part test outlined in *Brown* because that test is only used to analyze whether comments in the workplace are sufficient as the sole evidence to support a finding of discrimination. *See Auguster v. Vermilion Parish School Board*, 249 F.3d 400 (5th Cir. 2001) (finding that, absent any other evidence of pretext, superintendent's stray comments were insufficient to show discrimination); *see also Krystek v. Univ. of Southern Miss.*, 164 F.3d 251 (5th Cir. 1999) (holding that plaintiff's sole evidence of discrimination – comments by the interim dean – were insufficient to support the jury's finding of discrimination). Neither of the above-cited cases held that the comments were inadmissible as evidence – those cases merely held that, taken alone, the comments did not support a finding of discrimination.

Morvant claims to have other evidence to support her charge of discrimination, and it will be up to the jury to decide whether all the evidence taken together supports her claim. The weight afforded to Zerangue's alleged comments is a question for the jury, not this Court. Any arguments against the admissibility of Zerangue's statements all go to the weight the remarks should be afforded, not whether or not they are admissible. These statements will not be deemed inadmissible simply because they may, by themselves, not be enough to meet Morvant's evidentiary burden. PHI's Motion in Limine to exclude evidence of Garrett Zerangue's alleged remarks is **DENIED**.

**III.    Conclusion**

**IT IS ORDERED** that Defendant's Motions in Limine to exclude evidence offered by Plaintiff are **PARTIALLY GRANTED** and **PARTIALLY DENIED** as follows:

1. Defendant's Motion in Limine to Exclude Testimony or Other Evidence Regarding Plaintiff's Transfer from Defendant's Lafayette to Boothville location is **GRANTED.**

2. Defendant's Motion in Limine to Exclude Testimony or Other Evidence Regarding the Charge of Discrimination filed by Plaintiff against Defendant in 2001 is **DENIED.**

3. Defendant's Motion in Limine to Exclude Testimony or Other Evidence Regarding Alleged Remarks by Garrett Zerangue is **DENIED.**

New Orleans, Louisiana, this 26th day of October, 2006.

HELEN GINGER BERRIGAN
UNITED STATES DISTRICT JUDGE